**SOUTH OMAHA TERMINAL RAILWAY CO., Appellee,**

v.

**ARMOUR AND COMPANY, Appellant.**

No. 71–1464.

United States Court of Appeals, Eighth Circuit.

Oct. 26, 1971.

———◆———

Donald H. Bowman, Lincoln, Neb., for appellant.

Viren, Epstein & Leahy, Omaha, Neb., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Appellee has filed a motion under Rule 8 of the Rules of this Court to affirm the judgment of the district court[1] as expressed in its Memorandum Opinion of July 19, 1971 or, in the alternative, to dismiss appellant's appeal. Since appellee's motion to dismiss does not raise a jurisdictional question, we must deny it; however, for reasons stated hereafter, we grant appellee's motion to affirm.

The sole question before this Court is whether appellant's contention that the district court improperly interpreted the term, "at the same industry", as used in Items 45 and 46 of Freight Tariff 26 and Items 400 and 410 of Freight Tariff 26–A, is so unsubstantial as not to need further argument. Recently, this Court in Penn Central Com-

---

1. Rule 8 was intended to expedite appeals in which the jurisdiction of this Court is challenged or which present questions for review which are insubstantial or which have already been fully explored and resolved by this Court.

This motion under Rule 8 was timely filed by the appellee within 15 days after the appeal was docketed together with supporting reasons for granting the motion. The response was filed by the appellant within 10 days thereafter as required in Rule 8. However, other litigants have not observed the rule this closely, and in the future, this Court will not entertain nor permit the filing of motions under this rule which have not been timely filed unless the appellee submits with the motion a statement showing good and sufficient reasons for the failure to file the motion within the 15 day period.

pany v. General Mills, Inc., 439 F.2d 1338 (8th Cir. 1971) reviewed the law of tariff construction. Having now reviewed the record of this case, including the briefs filed in this Court and in the district court, we find the district court's interpretation consistent with our recent pronouncement in *Penn Central* and that the interpretation urged by Armour and Company is unjust "and neither reasonable nor consistent with the purposes of the tariff." Penn Central Company v. General Mills, Inc., *supra*, at 1342. Therefore, we find that the appellant's contention is so unsubstantial as not to need further argument. The judgment of the district court is affirmed.