Theodore BRUSEGAARD et al., Plaintiffs
and Appellants,

v.

Ralph J. SCHROEDER et al., Defendants
and Respondents.

Civ. No. 8821.

Supreme Court of North Dakota.

April 18, 1972.

Caldis & Arneson, Ltd., Grand Forks, for plaintiffs and appellants.

Robert A. Alphson, Grand Forks, for County Commissioners, defendant and respondent.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for Eickhof Construction Co., defendant and respondent.

Nelson, Mack & Moosbrugger, Grand Forks, for G–M Electric Co., defendant and respondent.

Degnan, McElroy, Lamb & Camrud, Grand Forks, for Air Control Heating, Inc., defendant and respondent.

TEIGEN, Justice.

This is an original application made to this court by the plaintiffs and appellants for a temporary injunction, pending their appeal from a judgment dissolving a temporary injunction and dismissing their complaint by which they seek a permanent injunction.

The facts necessary for an understanding of the controversy appear as follows:

The county commissioners of Grand Forks County, pursuant to an advertisement for bids and bids received, entered into three contracts for the construction of a county shop to be located upon property described as Block Four of Fairgrounds Subdivision to the City of Grand Forks. The three contracts were entered into for various segments of the work with the three defendants, Eickhof Construction Company, Air Control Heating, Inc., and G–M Electric Company. The plaintiffs, who are taxpayers, brought this suit to enjoin the construction of the county shop on the above described premises. The plaintiffs based their claim for relief on four main contentions: (1) that the county does not have title to the land; (2) that if the county does have title, such title contains a restrictive covenant prohibiting the construction of a county shop on the premises; (3) that the board of county commissioners failed to follow statutory procedure required in planning construction, advertising, and the accepting of bids and awarding of contracts to the three contractors and that, therefore, the alleged contracts are illegal and void; and (4) that the board of county commissioners is guilty of an abuse of discretion in contracting for a county shop in Fire Zone #1 at a cost of $211,929, when an adequate shop could be constructed on another site and of other materials of equal strength and durability for a sum not to exceed $112,000.

The action was instituted before any work had commenced. The plaintiffs sought and received a temporary restraining order, pending trial, upon filing an undertaking in the amount of $25,000 to indemnify the defendants against loss or damage.

The defendants answered the complaint, generally denying the allegations, and issue was joined. Trial followed. At the close of the trial on February 28, 1972, the trial judge ruled from the bench as follows: (1) that the plaintiffs failed to sustain the burden of proof, and directed dismissal of the complaint; (2) that the temporary restraining order, pending trial, be vacated; and (3) that the indemnity bond in the amount of $25,000 be continued in effect until the further order of the court.

Thereafter, the plaintiffs decided to appeal from the judgment which would be entered and, on March 20, 1972, prior to the entry of judgment, they filed an application with the trial court, praying for restoration of the temporary restraining order

for the purpose of continuing it in effect pending the intended appeal to the supreme court. In support of the application the plaintiffs averred that some of the defendants had commenced earth moving operations on the proposed site preparatory to the construction of the county shop, and alleged that if the defendants were not enjoined and restrained, pending the appeal, they would construct the county shop and the issues to be determined by this court, on appeal, would become moot. They further aver that the plaintiffs, as taxpayers, and others similarly situated, have no adequate remedy at law and will suffer irreparable harm, damage and injury and, therefore, pray that the temporary restraining order be restored during the pendency of the appeal in order to maintain the status quo.

On the following day the trial court entered its findings of fact, conclusions of law and order for judgment and judgment was entered and docketed. On the same day the defendants appeared in resistance to the application for a restoration of the temporary restraining order. Two days later, to wit, March 23, 1972, the trial court entered its order denying the application for restoration of the temporary restraining order pending appeal to this court. In its order it stated that it was of the opinion that the court had no basis to exercise discretion in favor of the application. The appeal to this court from the judgment was perfected on the same date, to wit, March 23, 1972, and application was made to this court on March 28, 1972, for a temporary injunction pending appeal. We issued a temporary restraining order pending hearing on an order to show cause. The question now before us is whether the temporary restraining order shall continue as a temporary injunction pending the adjudication of the merits on appeal.

■ Rule 62(c), N.D.R.Civ.P., is sufficiently broad to cover appeals from final judgments dissolving temporary injunctions and denying a permanent injunction, and permits the trial court, in its discretion, to restore or grant a temporary injunction during the pendency of an appeal. The rule provides:

"When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

■ It was under this rule that application was made to the trial court for restoration of the temporary injunction in order to maintain the status quo and to insure the effectiveness of the eventual judgment if the plaintiffs prevailed on appeal, but the trial court, in its discretion, denied the application. The denial of the application by the trial court, however, does not limit the power of the supreme court to make an appropriate order to preserve the status quo during the pendency of the appeal. Rule 62($l$), N.D.R.Civ.P., provides:

"The provisions in this rule [62] do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

The power of the supreme court recognized by this rule supplements the similar power of the trial court set out in Rule 62(c), N.D.R.Civ.P.

Section 87 of the North Dakota Constitution grants the power to the North Dakota Supreme Court, in the furtherance of the effective exercise of its appellate jurisdiction, to preserve the status quo of the

parties litigant pending appeal. This section, in part, provides:

"It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, * * *"

Section 27–02–04, N.D.C.C., in harmony with the above quoted provision of the Constitution, with reference to the power of the supreme court, provides, in part:

"In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction."

In Haaland v. Verendrye Electric Cooperative, 66 N.W.2d 902 (N.D.1954), this court held that under provisions of Section 87 of the North Dakota Constitution and Section 27–0204, N.D.R.C.1943, this court has the power to issue such original and remedial writs as are necessary to the proper exercise of its appellate jurisdiction, and therefore ordered a stay of proceedings, pending an appeal from a judgment, to preserve the status quo between the parties pending a final determination by the supreme court of the appeal on the merits.

In this state the power preserved by Rule 62(*l*), N.D.R.Civ.P., is granted by the Constitution and the statute and we hold that this court has the power, in the exercise of its discretion and in a proper case, to issue a temporary injunction for the purpose of maintaining the status quo pending final decision of the issues on appeal.

In 43 C.J.S. Injunctions § 169, at 812, speaking of the power of appellate courts to issue preliminary injunctions, it is stated:

" * * * such a court may in the exercise of its appellate jurisdiction award an injunction for the purpose of protect-ing the subject matter of the appeal, and preserving the status quo of the parties in their relation thereto, so that the judgment rendered will not be ineffectual. Nevertheless, the power to issue the injunction should not be exercised unless it is indispensable to the protection of the rights of the party asking it."

In relation to appeals being taken in injunction actions and the power of the courts to preserve the status quo, it is stated in 4A C.J.S. Appeal & Error § 632(f)(2), at 440, as follows:

"Even in the case of appeals from orders or decrees granting, refusing, dissolving, or refusing to dissolve, prohibitory injunctions, the lower or the appellate court may have the power, in order to preserve the status quo pending the appeal, or to prevent irreparable injury or multiplicity of suits, to issue a supersedeas or stay, or to suspend, modify, grant, or continue an injunction; thus, the appellate court or a justice thereof usually has the power on such appeals, either inherent or conferred by constitution or statute, to issue such supersedeas or restraining orders as may be necessary to prevent enforcement of the judgment, to protect or enforce its jurisdiction, or to preserve the status quo pending the appeal. However, the appellate court will exercise such power only in rare circumstances, and it will not exercise such power if adequate relief can be had by application or otherwise in the lower court; nor will a stay of an injunction pending appeal be granted at the risk of destroying rights belonging to complainants if the judgment should be sustained, or where such action does not appear to be necessary to prevent irreparable injury or a miscarriage of justice.

"It is also held that where no injunction has been granted by the lower court, the appellate court cannot grant one pending the appeal, unless it is necessary to a due and effective exercise of its jurisdiction, or the necessities of justice

require its interference; and on appeal from an interlocutory order denying an injunction and discharging a restraining order previously granted, the appellate court cannot restore such restraining order or grant a new one to take its place, as the function of the temporary restraining order ceases when the prayer for injunction is refused.

"On the other hand, the lower court, to avoid irreparable injury or a multiplicity of suits, or to preserve the status quo pending the appeal, may and should, if the purposes of justice require it, suspend, modify, grant, or continue an injunction until determination of the appeal, unless exclusive jurisdiction has been transferred to the appellate court. Unless a statute makes a supersedeas or stay a matter of right an application therefor is addressed to the discretion of the court, and it should not be granted unless a proper case therefor is made out, and it appears to be reasonably necessary to protect appellant and to prevent a miscarriage of justice, or except under such conditions as will fairly protect appellee. It has been held that, after an injunction has been denied on final hearing and the bill or complaint dismissed, the court has no power to grant an injunction pending an appeal or to revive or continue a temporary injunction.

"The purpose of a statute authorizing the trial court to perpetuate a temporary injunction is to provide a procedure for preserving the status of the parties pending the appeal from the final judgment, and it may be the only relief afforded in injunction cases. Such a statute does not require that the order with respect to the temporary injunction be made contemporaneously with, and as a part of, the judgment granting the appeal.

"An appeal from a decree, or the informal equivalent of a decree, dissolving a preliminary injunction does not suspend the dissolution, or continue, reinstate, or restore, the injunction, in the absence of a special order to that effect. Where an injunction has been dissolved by a final judgment, an appeal from such dissolution does not affect the injunction until reversal, and the appeal does not continue the injunction in force."

Rule 62(*l*), N.D.R.Civ.P., is similar to Rule 62(g) of the Federal Practice and Procedure Rules. Barron and Holtzoff—Wright, Vol. 3, Rules Edition of Federal Practice and Procedure (1971 pocket part, § 1377, at 333), makes this commentary with respect to the federal rule, based upon their examination of federal cases:

"There is, of course, a considerable reluctance in granting an injunction pending appeal where to do so is, in effect, to give the appellant the ultimate relief he is seeking. The appellant will be required to show a great likelihood, approaching near certainty, that he will prevail when his case finally comes to be heard on the merits, and he must show irreparable injury from denial of the relief. But when these requirements are met, the power exists to grant such relief and it has been exercised."

This leads us to the question: Should we, in the exercise of our discretion, issue an order continuing the temporary restraining order as a temporary injunction pending adjudication of the appeal on the merits?

The plaintiffs, in support of their application to this court, have averred that the defendants, immediately following the vacation of the temporary injunction and dismissal of the action by the trial court, commenced earth moving operations upon the premises preparatory to the commencement of the construction of the county shop. This is not denied by the averments in resistance to the application.

The county commissioners, in resistance to the application, aver that the county needs a new county shop to adequately repair and maintain county road equipment

used in the maintenance and construction of county roads and bridges; that its former county shop was acquired by the Urban Renewal Agency and has now been torn down and, as a result, the county is now operating in temporary quarters which have no water, sewer or toilet facilities, and that the ventilation is inadequate to permit welding or painting. Further, they aver that the temporary quarters do not permit the use of certain repair equipment owned by the county and are totally inadequate to house spare parts; that the temporary quarters do not provide sufficient room for county workmen to meet to receive work instructions, and that, as the spring and summer road and bridge work gets under way, the present temporary quarters will not permit the county road department to adequately carry out its functions.

The three contractor defendants have, by various instruments filed in resistance to the plaintiffs' application for a temporary injunction pending the appeal, alleged that proceedings toward the construction of the county shop have now been delayed more than one hundred days; that the delay in commencing the work under the various contracts will increase the cost of construction; that it interferes with the planning of this work and other work of the contractors; that the contracts contain completion dates; and two of the defendants, namely, Eickhof Construction Company, which it appears has a contract for the general construction of the county shop, and G–M Electric Company, which allegedly has the contract for the electrical work on the county shop, pray that if this court grants a stay or a temporary injunction pending the appeal, the plaintiffs be required to file a supersedeas bond to protect these defendants against losses caused by the delay. The Eickhof Construction Company prays that a supersedeas bond in the amount of $250,000 be required, and G–M Electric Company prays that a supersedeas bond in the amount of $20,000 be required.

It is evident and clear from the resistance to the plaintiffs' application, filed by the defendants, that it is the desire and plan of the defendants, and all of them, to proceed with the work during the pendency of this appeal unless restrained from doing so. The plaintiffs aver that if their application for a temporary injunction pending the appeal is not granted the appeal will become futile, depriving the plaintiffs of the fruits of their appeal, should they be successful, because the construction will be completed or will have progressed to a degree of completion so that a prohibitory injunction would avail them nothing. Therefore they ask that the status quo be preserved pending the determination of the appeal upon its merits.

In this state appeals from decisions of the district court to the supreme court are subject to regulation by statute. North Dakota Constitution, §§ 86 and 109. The Legislature has enacted such regulations. Chapter 28–27, N.D.C.C. The right of appeal from a final judgment is made unconditional; that is, a party who feels aggrieved by a final judgment rendered against him is not required to obtain the consent or leave of any court in order to take an appeal therefrom. The right of appeal in this state is purely statutory and exists as a right in such cases as are prescribed by law. The right of appeal is remedial and favored in the law. Haman v. McHenry County, 72 N.W.2d 630 (N.D. 1955); Bonde v. Stern, 72 N.D. 476, 8 N.W.2d 457 (1943).

Thus we are confronted with a situation where the plaintiffs have exercised their right under the statute by appealing from the final judgment of the district court to the supreme court, but have no absolute or unconditional right to have the status quo maintained on such appeal as the question is left to the discretion of the courts. It therefore appears that the courts' decision in the exercise of that discretion requires that the discretion be exercised on the basis of whether the appellant has any sub-

stantial right which would be injured by a refusal of the courts to maintain the status quo. The court should place no obstacle in the way of one appealing if such obstacle would virtually dispose of the appeal and destroy any possibility of its efficacy to the appellant, unless it should appear on the face of the application and the supporting documents, and the documents submitted in resistance, that the appeal is frivolous and taken for the purpose of delay.

■ In the case before us the plaintiffs have alleged four grounds, set forth earlier in this opinion, upon which they base their claim for a prohibitory injunction. Any one of these grounds would be sufficient to grant the plaintiffs' prayer for relief if established by a fair preponderance of the evidence. The record of the trial is not before us on this application for a temporary injunction pending the appeal and we, therefore, cannot investigate the merits of the issues presented by the specifications of error served with the notice of appeal. We cannot, on the basis of the record before us on this application, make a determination of the merits. However, should the plaintiffs prevail on the appeal, they will suffer irreparable injury from a denial of the relief requested in this application.

The defendants, on the other hand, if they should prevail on the appeal, may have recourse, in damages, for injury suffered as a result of delay. It is the object of the exercise of appellate jurisdiction of this court to assure ultimate justice as far as possible to the parties concerned. It is our opinion that this can best be done by the issuance of an order continuing in effect the restraining order in the form of a temporary injunction pending the appeal, in aid of our appellate jurisdiction, and that the status quo be maintained until the determination by this court of the appeal on the merits.

The restraining order now in effect shall continue until the court shall have heard and determined the appeal from the judgment dated March 21, 1972, providing the appellants shall, within fifteen days of the filing of this opinion, file an additional undertaking with this court in the sum of $25,000, conditioned upon the payment of any damages which the defendants may suffer by reason of the delay and the preservation of the status quo between the parties in the event that the judgment appealed from is affirmed by this court.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.