**ASSOCIATED GAS DISTRIBUTORS,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

Nos. 75–3845, et al.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1976.

Frederick Moring, Kenneth A. Rubin, Arthur E. Gowran, Washington, D. C., for petitioner.

Drexel D. Journey, Allan A. Tuttle, Sol. Gen. Counsel, F.P.C., Washington, D. C., for respondent.

Thomas G. Johnson, Houston, Tex., for Shell.

William Pannill, Houston, Tex., for Kirby Pet.

Philip R. Ehrenkranz, Washington, D. C., for Amoco.

Jeron L. Stevens, Houston, Tex., for Tenneco.

Robert J. Haggerty, Washington, D. C., for Atlantic.

Before THORNBERRY, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Shell Oil Company and others move this court to consolidate and dismiss nineteen petitions for review of orders of the Federal Power Commission filed by Associated Gas Distributors (AGD).[1] After due consideration, we grant the motions to consolidate and dismiss. In view of the economic importance of our decision to natural gas producers, pipe lines, and consumers, a brief statement of the reasoning in support of the motions is warranted.

[·] Beginning in January, 1975, qualifying natural gas producers commenced filing rate increases with the Commission in accordance with the national rate structure promulgated by the Commission in the Opinion 699 series.[2] The Commission's national rate structure was designed, in general, to ease the seemingly intractable natural gas shortage by spurring domestic exploration and production. The instant petitions for review filed by AGD are directed to the Commission's acceptance of those new rates filed by the producers. AGD argues that it is necessary to demonstrate that each and every new rate filing under the national rate structure in fact satisfies the intended purposes of that structure; viz., increased domestic exploration and production of natural gas. On October 14, 1975, the Commission's establishment of a national rate for jurisdictional wellhead sales of natural gas was sustained after comprehensive review by this court in *Shell Oil Co. v. FPC (Shell-Rodman)*, 5 Cir. 1975, 520 F.2d 1061, *reh. denied*, 1976, 525 F.2d 1261 (1976). Speaking for the panel, Judge Roney indicated the importance and the breadth of the decision in *Shell-Rodman*:

> [F]or the first time in this Circuit, we give judicial imprimatur to the promulgation of a rate order through rulemaking procedures in contrast to formal adjudicatory procedures; we sustain a *national* rate for wellhead sales of natural gas in contrast to the *individual producer* rates and *area* rates that have heretofore been approved; and we hold that the rate structure prescribed withstands various attacks of the producer, purchaser

1. Docket Nos. 75–3845, 75–4002, 75–4084, 75–4085, 75–4086, 75–4087, 75–4088, 75–4089, 75–4091, 75–4342, 75–4343, 75–4344, 75–4345, 75–4346, 75–4347, 75–4348, 75–4349, 75–4350, 75–4351. These petitions for review were transferred to this circuit from the Court of Appeals for the District of Columbia because of our "familiarity with the issues and parties" in light of the decision in *Shell Oil Co. v. FPC*, 5 Cir. 1975, 520 F.2d 1061.

2. *See* The National Rate Proceeding, Docket No. R–389–B; Opinion 699 issued on June 21, 1974; Opinion 699–A issued on August 2, 1974; Opinion 699–B issued on September 9, 1974; Opinion 699–F issued on November 7, 1974; Opinion 699–H issued on December 4, 1974; and Opinion 699–I issued on January 7, 1975.

and consumer petitioner against diverse findings and conclusions of the Commission. In sum, we hold the petitioners have failed to show either that the rate structure is unjust and unreasonable, under the limited judicial review permitted by this Court, or that the Commission proceeded in disharmony with statutory and judicial requirements.

520 F.2d at 1064–65 (emphasis in original).

■ Looking to the scope of *Shell-Rodman* and the nature of AGD's assertions in the instant petitions for review, it is apparent to the court that AGD is attempting to relitigate issues foreclosed by the decision in *Shell-Rodman.* AGD was a petitioner in *Shell-Rodman,* along with others, and all aspects of the new national rate structure were explored in depth. By virtue of the decision in *Shell-Rodman,* it is *a fortiori* true that the individual orders under attack by AGD are supported by substantial evidence. Likewise, AGD's other attacks on the rate increases are foreclosed or so clearly without merit as to be frivolous.[3] Accordingly, we grant the motions to consolidate and dismiss.

---

**3.** AGD argues that a motion to dismiss can only be granted if it raises a "jurisdictional" issue, relying on *South Omaha Terminal Ry. Co. v. Armour & Co.,* 8 Cir. 1971, 449 F.2d 1265. The rule in this circuit is, however, broader than that argued for by AGD. In addition to appeals where the court lacks jurisdiction, appeals of a frivolous nature and appeals taken for the purposes of delay can similarly be dismissed by motion. *See, e. g., Gal-* *lizzi v. Williams,* 5 Cir. 1970, 423 F.2d 1213; *Southern Farm Bureau Casualty Ins. Co. v. Morgan,* 5 Cir. 1964, 339 F.2d 755; *Chagas v. Berry,* 5 Cir. 1966, 369 F.2d 637, *cert. denied,* 1968, 389 U.S. 872, 88 S.Ct. 161, 19 L.Ed.2d 154. *See also* Local Rule 9, F.R.A.P.

