CASS COUNTY ELECTRIC COOPERA-
TIVE, INC., a corporation, Plaintiff
and Respondent,

v.

WOLD PROPERTIES, INC., a corpora-
tion, Defendant and Appellant,

and

Northern States Power Company, a corpo-
ration, and North Dakota Public Service
Commission, Defendants and Respon-
dents.

Civ. No. 9333.

Supreme Court of North Dakota.

April 25, 1977.

Pancratz, Wold, Johnson & Hill, P.C., Fargo, for defendant and appellant; argued by J. Philip Johnson, Fargo.

Wheeler, Wolf, Wefald & Peterson, P.C., Bismarck, for defendant and respondent Northern States Power; argued by R. W. Wheeler, Bismarck.

ERICKSTAD, Chief Justice.

This is a proceeding post *Cass County Electric Coop. v. Wold Properties, Inc.,* 249 N.W.2d 514 (N.D.1977). That action was initiated upon a complaint of Cass Electric, seeking a declaratory judgment as to whether it was legally precluded from providing electric service to Wold. We held that Northern States Power Company (NSP) had the right to furnish electric service to the Fargo Holiday Inn to the exclusion of Cass Electric because NSP held a certificate of public convenience and necessity.

When Wold declined to permit the disconnection of service by Cass Electric and the connection of service by NSP, NSP sought supplemental relief from the trial court. After due notice and hearing, the trial court granted the following order.

"IT IS HEREBY ORDERED that in order to effectuate the decision of the North Dakota Supreme Court herein, Cass County Electric Cooperative, Inc., be, and it is hereby, ORDERED to terminate the furnishing of electric energy to Wold Properties, Inc., at its Fargo Holiday Inn located in Section 10, Township 139 North, Range 49 West, Cass County, North Dakota, and all of its facilities, including the tower addition thereto.

"IT IS FURTHER ORDERED that said termination of electric service be coordinated with the reestablishment of the electric service of Northern States Power Company pursuant to its Certificate of Public Convenience and Necessity and that the transition in the electric service provided to Wold Properties, Inc., at its said Fargo Holiday Inn be effected on the 6th day of March, 1977, during those hours that will cause the least inconvenience to Wold Properties, Inc., and its motel customers."

This order was dated the 4th day of March, 1977, to become effective on the 6th day of March, 1977. Before the effective date, Wold sought an ex parte stay of the order under the provisions of Rule 62(c) and (d), N.D.R.Civ.P.:

"(c) *Injunction pending appeal.* When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

"(d) *Stay upon appeal.* When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court."

When counsel for NSP agreed to the amount of the bond and signed the stipulation relative thereto, the trial court granted the ex parte motion staying the order pending the decision on the appeal of the order.

NSP then filed a motion in our Court under Rule 27 of the Rules of Appellate Procedure for an order:

"dismissing the appeal and directing the District Court of Cass County to enter an appropriate order requiring Cass County Electric Cooperative, Inc., to terminate all electric service to Wold Properties, Inc., at its Fargo Holiday Inn, Fargo, North Dakota, or, alternatively, under Rule 62(*l*) of the Rules of Civil Procedure to quash the order entered by the trial court on March 4, 1977, staying its order granting supplemental relief of the same date and directing the District Court to modify the latter order so as to require Cass County Electric Cooperative, Inc., to terminate service to Wold Properties,

Inc., at its Fargo Holiday Inn at a specified future date."

Wold resists the motion to dismiss the appeal on the grounds that the motion is premature, the briefs having not been filed by either the appellant or the respondent and the arguments having not been held thereon, in conjunction with the appeal from the order granting supplemental relief. We are inclined to agree with Wold inasmuch as the motion made by NSP is not made in aid of an application for a supervisory writ asking us to exercise original jurisdiction, and there is no record filed with us indicating that such an application would have been appropriate.

It would appear that Wold had a right to appeal from the order of the trial court directing it to permit the disconnections and connections under Section 28–27–02(2), N.D. C.C.

It reads:

"28–27–02. *What orders reviewable.* —The following orders when made by the court may be carried to the supreme court:

\* \* \* \* \* \*

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;"

NSP has not asserted that Section 28–27–02(2), N.D.C.C., is not applicable; instead it asserts that the appeal should be dismissed because it is frivolous in that the primary reason for the appeal is delay.

In response thereto, Wold complains that as a result of this motion it is forced to state its grounds for appeal on the merits prematurely; notwithstanding, it asserts six grounds for the appeal to support its contention that its appeal is not frivolous.

We shall not attempt to review each of the alleged grounds of appeal in this opinion. Suffice it to say that the grounds do not appear on the face thereof to be without merit. Whether they can stand after examination upon appeal is a matter not for our consideration today. In summary, the grounds are as follows:

"1. THE PETITION OF NSP WAS BARRED BY THE PREVIOUS JUDGMENT OF THE COURT DISMISSING ITS CLAIM FOR INJUNCTION.

"2. THE STATUS OF THE NSP CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY HAS BEEN SUBMITTED TO THE PSC AND IS SUBJECT TO ITS JURISDICTION.

"3. THE EXISTING CERTIFICATE OF NSP HAS EXPIRED BECAUSE SERVICE HAS NOT BEEN PROVIDED FOR MORE THAN ONE YEAR.

"4. DEFENDANT, NSP, IS NOT A PLAINTIFF IN THIS ACTION AND IS THUS PRECLUDED FROM INJUNCTIVE RELIEF.

"5. POST JUDGMENT INJUNCTIVE RELIEF IS NOT AUTHORIZED UNDER SECTION 32–06–03.

"6. NSP HAS NOT ESTABLISHED THE NECESSARY ELEMENTS FOR INJUNCTIVE RELIEF."

Whether it is appropriate to include as grounds of appeal any matter contained in a petition for rehearing, which was denied by this Court, in conjunction with the original opinion of this court in the lawsuit between these parties, is also another matter which we shall postpone to another date.

In support of its contention that the appeal should be dismissed NSP cites *Heller v. Osburnsen,* 548 P.2d 607 (Mont.1976); *Associated Gas Distributors v. F.P.C.,* 526 F.2d 948 (5th Cir. 1976); *Nielsen v. Braland,* 264 Minn. 481, 119 N.W.2d 737 (1963).

All three cases are distinguishable upon their facts, involving obviously frivolous appeals. The last named case involved the merits of an appeal from an order denying a motion to dismiss.

We think it significant, as Wold points out, that the only rules of the North Dakota Rules of Appellate Procedure which specify grounds for dismissal are Rules 3(a), 12(c), 31(c), and 42, and that these rules are inap-

plicable in the instant case. This is not to say that we might not, under other circumstances, find an appeal so lacking in merit as to be frivolous and thus the proper subject for dismissal under Rule 27, N.D.R. App.P.

We accordingly conclude, without deciding that we could not in some appropriate case grant a motion for dismissal on the grounds that the appeal is purely frivolous, that in the instant case we will not grant the motion for dismissal, the alleged grounds for appeal being on their face not obviously without merit.

We turn next to NSP's contention that, in the alternative, we should set aside the trial court's stay of its order directing the disconnection and connection of service.

This requires us to determine what authority we have in connection with Rule 62(1), N.D.R.Civ.P. It reads:

"(1) *Power of appellate court not limited.* The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

We believe that we may exercise the authority reserved in our Court under Rule 62(1), N.D.R.Civ.P., or review the action of trial court exercising its authority under Rule 62(c) and (d), N.D.R.Civ.P., when asked to do so by motion brought under Rule 27, N.D.R.App.P. Rule 27(a) reads:

"(a) *Content of motions; response; reply.* Unless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a motion for such order or relief with proof of service on all other parties. The motion shall (1) contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, (2) state with particularity the grounds on which it is based, and (3) set forth the order or relief sought. If a

motion is supported by briefs, affidavits, or other papers, they shall be served and filed with the motion. Any party may file a response in opposition to a motion other than one for a procedural order [for which see subdivision (b)] within 10 days after service of the motion, but motions authorized by Rules 8, 9, and 41 may be acted upon after reasonable notice, and the court may shorten or extend the time for responding to any motion."

We have previously permitted parties to move for dismissal of an appeal under Rule 27 for various reasons. *See Northwest Airlines v. State, Through Board of Equalization,* 244 N.W.2d 708 (N.D.1976); *Piper v. Piper,* 234 N.W.2d 621 (N.D.1975), in which we recognized without discussion that Rule 27, N.D.R.App.P., authorizes a motion to dismiss an appeal.

Having permitted such a motion under Rule 27, N.D.R.App.P., we think it only appropriate that we permit a motion under that rule to set aside a stay order granted under Rule 62(c) and (d), N.D.R.Civ.P., under the inherent power of this Court or under authority reserved in us under Rule 62(1), N.D.R.Civ.P. *See In Interest [Custody] of J.O., a child,* 250 N.W.2d 256 (N.D. 1977); *Brusegard v. Schroeder,* 199 N.W.2d 921 (N.D.1972).

NSP has urged that when a stay is ordered by a trial court pursuant to Rule 62(c), N.D.R.Civ.P., it should be supported by appropriate showing and findings. In support thereof, it refers us to *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 79 (9th Cir. 1951). It further asserts that a showing justifying a stay would generally require: (a) A strong showing that the appellant is likely to succeed on appeal; (b) That unless granted, the appellant will suffer irreparable injury; and (c) That no substantial harm will come to any party by reason of the stay. It cites *Stop H–3 Association v. Volpe,* 353 F.Supp. 14, 16 (D.Haw. 1972); *Roe v. Ferguson,* 389 F.Supp. 393, 394 (S.D.Ohio 1974). Those cases add a fourth test; namely, that no substantial harm will come to the public interest.

The specific language of the four-part test as set forth in *Stop H–3* is as follows:

"(a) After the applicant for a stay has made a strong showing that he is likely to succeed on the merits of the appeal;

"(b) After the applicant has established that unless a stay is granted he will suffer irreparable injury;

"(c) If the applicant for a stay can show that no substantial harm will come to other interested parties; and

"(d) If the court finds that granting the stay will do no harm to the public interest." 353 F.Supp. at 16.

Wold has not cited any authority to the contrary, its position being that this Court should not second-guess the trial court which is in a better position to understand the need for the stay than our Court.

 We believe that the suggested guidelines for the trial court in conjunction with granting a stay are reasonable and appropriate and accordingly we remand this case to the trial court for a further consideration of the application for the stay, with the suggestion that if the trial court, after proper notice to all parties and due hearing, concludes that the stay should be continued, that it set forth its findings with specificity relative thereto so that this Court, upon subsequent consideration, if such is requested, may better understand the court's basis for its decision. Here we observe that an opinion of the trial court on such an issue ordinarily will not be set aside unless the trial court is found to have abused its discretion. 7 Moore's Federal Practice ¶ 62.05, at 62–22.

The case is accordingly remanded for a further hearing relative to the propriety of the stay and pending such a further hearing and determination of the propriety of the stay, the stay imposed by the trial court shall remain in effect, unless earlier set aside by the trial court. In this connection, we draw the trial court's attention to *Small v. Burleigh County*, 239 N.W.2d 823, 826–827 (N.D.1976), regarding the policy which favors the finality of judgments of this Court, for such significance as the court

may deem appropriate. Costs shall be allowed to neither party.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.