Alan BERGSTROM, Plaintiff
and Appellant,

v.

Astrid BERGSTROM and Ida Bergstrom,
a minor child, by her Guardian ad Litem,
Cameron L. Clemens, Defendants and
Appellees.

Civ. No. 9556–A.

Supreme Court of North Dakota.

March 4, 1980.

Irvin B. Nodland, of Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for plaintiff and appellant.

Daniel J. Chapman, of Chapman & Chapman, Bismarck, for defendants and appellees.

VANDE WALLE, Justice.

This is another application for stay pending appeal of an order of a district court in the dispute between Alan Bergstrom and Astrid Bergstrom over custody of their child, Ida Bergstrom. The application for stay pending appeal is granted.

On October 16, 1978, we issued an opinion in *Bergstrom v. Bergstrom*, N.D., 271 N.W.2d 546, involving these parties. In that case Alan, as Ida's guardian ad litem, had commenced an action in Burleigh County district court asking that court to assume jurisdiction of Ida for purposes of child-custody determination and visitation rights. The district court determined that because actions and appeals involving Ida's custody were pending in the courts of the District of Columbia, the North Dakota courts had no jurisdiction over her custody. It dismissed the action and ordered Alan, as Ida's guardian ad litem, to return Ida to Astrid's custody within ten days. Following the district court's denial of a stay pending appeal, an application for a stay pending appeal was made to this court. We refused to grant the stay, holding that Ida had shown neither a strong likelihood of success on appeal nor irreparable harm that would develop from our failure to grant a stay.[1] Because the current application for stay pending appeal involves matters arising

---

1. The original *Bergstrom* proceeding in this court involved the issue of the jurisdiction of the North Dakota courts. The district court determined the North Dakota courts had no jurisdiction because of the appeals pending in the Superior Court of the District of Columbia. Our opinion denying the stay pending appeal was concerned with whether or not there was a strong showing that Alan, the appellant in that proceeding, would likely succeed in convincing this court on appeal that the North Dakota courts would have jurisdiction. We concluded he would not and denied the petition for the stay. In this instance there appears to be no issue between the parties, at least before this court, as to the jurisdiction of the North Dakota courts.

since our previous opinion, we will not elaborate further on the facts involved in that decision.

Subsequent to our 1978 decision denying the stay pending appeal, the appeal was dismissed by stipulation of the parties. Alan and Astrid returned to the Superior Court of the District of Columbia and submitted the controversy to compulsory arbitration. An order agreed to by Alan and Astrid and approved by the Superior Court of the District of Columbia was entered on January 29, 1979. The parties agreed to the dismissal of their appeals then pending in the courts of the District of Columbia. That order also provided, insofar as custody of Ida was concerned, that Astrid, who lives in the Kingdom of Norway, was to have jurisdiction of Ida during the school year and Alan, who lives in the United States, was to have custody of Ida during the summer. There were also provisions for Alan to visit Ida during the school year.

Ida returned to Norway with Astrid and in June 1979, pursuant to the Superior Court order, came with Alan to Mandan, North Dakota. Prior to the beginning of the school year in Norway, Ida, through a guardian ad litem, Cameron Clemens, instituted an action in the Federal District Court of North Dakota in which she requested an order

". . . prohibiting the removal of Ida from the United States of America against her wishes by any person whatsoever."

After a series of temporary orders prohibiting Ida's removal from this country, the Federal District Court, on October 12, 1979, entered an order including the following provision:

"The defendants, Alan and Astrid Bergstrom, are hereby enjoined from carrying out the dictates of paragraph 2 of the Order of the Superior Court for the District of Columbia, Family Division, dated February 15, 1978, pertaining to the removal of Ida Marie Bergstrom to the Kingdom of Norway. In so ordering, I leave all questions of custody of Ida Marie Bergstrom, *within the United States*, to the courts having the appropriate jurisdiction." [Emphasis in original.] [2]

We have been informed that the October 12, 1979, order of the Federal District Court is now on appeal to the United States Circuit Court of Appeals for the Eighth Circuit.

Following the decision in Federal District Court, Alan filed a lawsuit under Chapter 14–14, N.D.C.C., the Uniform Child Custody Jurisdiction Act, asserting that the Morton County district court should take jurisdiction to modify the District of Columbia Superior Court custody decree. Alan requested custody of Ida. After temporary orders in which Alan retained custody of Ida pending the final determination of the court, the Morton County district court on February 13, 1980, issued its opinion and order decreeing:

"1. That this Court has jurisdiction to modify the custody provisions of the decree of the Superior Court of Washington, D. C., pursuant to Section 14–14–03(1)(b) and (d). (Findings of Fact 1–6)

"2. This Court should exercise that jurisdiction under Section 14–14–07 and not decline exercising jurisdiction because this Court is not an inconvenient forum for the resolution of the disputes between the parties. (Finding of Fact 7)

"3. This Court should exercise that jurisdiction under Section 14–14–08 and not decline exercising jurisdiction, because of the conduct of the parties. (Finding of Fact 8)

---

**2.** The decision of the Federal District Court (Judge Van Sickle) was based on Ida's rights under the Fifth Amendment to the United States Constitution. It found that the central privilege of American citizenship is the right to live in the United States for as long as one sees fit and that, "Regardless of the ability of the then seven year old Ida to state a preference as to her residence at the time of the Superior Court's decree, the doctrine of 'best interests' cannot now be extended to deprive Ida of her intelligently asserted preference as an American citizen to remain in this country." (Ida is now nine years of age.)

"4. That the father is not a fit and proper person to have custody of the child.

"5. That the mother is a fit and proper person to have custody of the child.

"6. That the best interests of the child will be met by the mother having total or undivided custody of the child.

"7. That any right the child has to live in the United States is subject to the right of the custodial parent to choose their place of residence, including a residence outside of the United States.

"8. That the Superior Court of Washington, D. C., decree as to custody is modified to provide total and undivided custody by the mother subject to the following:

"(a) Visitation by the father on the second Saturday and Sunday of each month, commencing at 8:30 a. m. until 8:30 p. m. Saturday and 8:30 a. m. until 8:30 p. m. on Sunday.

"(b) That this visitation shall take place in a locality and place to be selected by the mother.

"(c) That at all times during such visitation, a third person must be present with the father, such third person to be selected by the mother.

"(d) That the mother has the right to choose the place of residence for herself and the child and the right to remove the child from the United States to remain with· her at a place of residence of her choosing.

"9. That this Court has no authority under Chapter 14–14 to modify the child support provisions of the Superior Court decree.

"10. That the father is required to pay all of the mother's costs of defending this action, including her attorney's fees, witness fees and her costs of travel and subsistence for the hearing and for her costs incurred in delivery of custody of the child to the mother.

"11. The order appointing Cameron Clemens as guardian ad litem is terminated and revoked.

"12. The child shall be physically placed in the custody of the mother not later than noon, February 15th."

Immediately after the issuance of the order, Alan filed a notice of appeal from the order and requested a stay pending appeal from the district court.[3] That request was denied and Alan subsequently petitioned this court to stay the order pending appeal. On February 15, 1980, we issued an order granting a temporary stay of the district court's order of February 13, 1980, pending a hearing on the petition for stay pending appeal and further order of this court.

Following the submission of briefs by the parties and a hearing on February 29, 1980, we have determined to grant the stay pending appeal for reasons which are explained herein.

In our original *Bergstrom* decision we adopted for purposes of a request to this court for a stay pending appeal the four guidelines established in *Cass County Electric Cooperative, Inc. v. Wold Properties*, 253 N.W.2d 323 (N.D.1977), for a district court to utilize when addressing an application for a stay. Those guidelines include: (1) a strong showing that the appellant is likely to succeed on appeal; (2) that unless the stay is granted, the appellant will suffer irreparable injury; (3) that no substantial harm will come to any party by reason of the issuance of the stay; and (4) that granting the stay will do no harm to the public interest. 271 N.W.2d at 549.

Although those guidelines are important, there is another matter which we perceive

**3.** The appeal was taken from the order; the judgment was entered the next day but no appeal has been taken from that judgment. Because of the requirement in the order of the district court that Ida be placed in Astrid's custody not later than noon, February 15, some 48 hours after the entry of the order, we will consider the request for stay pending appeal pursuant to our authority under Rule 62(*1*), N.D.R.Civ.P., and Rule 8, N.D.R.App.P. We assume that by the time the appeal on the merits is heard an appeal from the judgment will be part of the record. See *Center State Bank, Inc. v. State Bank. Bd.*, 276 N.W.2d 132 (N.D.1979).

to be of more significance in this instance. We read the Federal District Court order to prohibit Ida's being removed from this country without her consent. Further, we read the order of the Morton County district court as awarding Astrid custody of Ida without any restrictions as to whether or not Astrid may return to Norway with Ida. The order specifically states that Astrid has the right to remove Ida from the United States. Were Astrid to attempt to remove Ida to Norway, that action would apparently be contrary to the order of the Federal District Court but would not be contrary to the order of the Morton County district court.[4] The order of the Morton County district court and the "Appendix" which accompanies it show thoughtful consideration of the order of the Federal District Court order. It presents certain matters which may leave in question the factual and legal basis of the Federal District Court order because the Morton County district court order points out . that it had evidence and information available to it which were not available to the Federal District Court. But the Federal District Court order is on appeal. The State and Federal courts of this country have long recognized the problems which may result if courts of both systems attempt to resolve the same legal issue simultaneously. In *Ponzi v. Fessenden*, 258 U.S. 254, 260, 42 S.Ct. 309, 310–311, 66 L.Ed. 607, 611 (1922), the Supreme Court of the United States, speaking through Chief Justice Taft, stated:

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose. The principle is stated by Mr. Justice Matthews in *Covell v. Heyman*,

111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390, as follows:

'The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty.'

"The *Heyman Case* concerned property, but the same principle applies to jurisdiction over persons as is shown by the great judgment of Chief Justice Taney in *Abelman v. Booth*, 21 How. 506, 16 L.Ed. 169, quoted from, and relied upon, in *Covell v. Heyman*."

Nor is this long-standing principle outdated. See, e. g., *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978), in which the Court quoted at length the above quotation from *Ponzi* and *Covell*.

Although the order of the Morton County district court does not require Astrid to comply with the order of the Federal District Court and does permit Astrid to take Ida to Norway, the statement of the Morton County district court in denying Alan's

---

4. In denying the stay the Morton County district court issued a statement, which was not brought to our attention until oral argument on February 29, 1980, indicating it did not intend that Astrid be permitted to remove Ida from the United States in violation of the Federal District Court order.

application for stay pending appeal obviously requires Astrid to comply with the order of the Federal District Court prohibiting the removal of Ida from the United States. The Morton County district court has thus recognized the principle established in *Covell, supra*.

We have been assured that Astrid will not take Ida from the United States unless the order of the Federal District Court is overturned, and we have no reason to doubt that assurance. But if we accept Astrid's statement that she would not remove Ida from the United States unless the Federal District Court order should be overturned, should we then not return Ida to Astrid's custody, pursuant to the order of the Morton County district court, pending resolution of the Federal appeal? We think not. Ida has been the subject of numerous court battles in which custody has been the issue and at a given moment, depending upon the procedural posture of those proceedings, Ida has been poised to leave the United States momentarily. Our concern, for the moment, is not with the question of who is responsible for this protracted litigation, but rather our concern is for Ida. Until this issue is finally resolved, we believe Ida's best interests are served by her remaining in the atmosphere in which she has been living for the last nine months and continuing in the school which she attends in Mandan until that final resolution. Ida should not constantly be the victim of a precipitous change in her surroundings. Astrid has informed us that if we do not stay the order of the Morton County district court, she will take Ida with her to Washington, D. C., to await the outcome of the appeal to the Eighth Circuit Court of Appeals. That would involve yet another move and another school for Ida. Astrid has not informed us that if the Federal District Court order is affirmed, she is willing to remain in the United States with Ida. If the Federal District Court order is affirmed and Ida must be permitted to remain in the United States as a matter of right under the Federal Constitution, and if Astrid does not indicate a willingness to live in this country with Ida, that is a factor which must be considered in determining custody of Ida. The order of the Morton County district court appears to be based on an assumption that the Federal District Court order is not substantiated by either law or fact. That determination will, however, be made by the reviewing Federal courts and not by the courts of this State.

In *Bergstrom, supra*, we acknowledged that in determining whether or not to grant a stay pending appeal, appreciable weight must be given to the decision of the district court. Here, the Morton County district court determined that it would not be in Ida's best interests for her to remain in Alan's custody pending the appeal, and, in its denial of the application for a stay made to the district court, stated that in its opinion irreparable harm would occur if Ida remained with Alan. Although we are hesitant to substitute our judgment for that of the district court, the district court's opinion does not appear to consider the situation should Ida be returned to Astrid's custody, should the order of the Federal District Court be affirmed on appeal and should Astrid not consent to remain in the United States with Ida. As we have said, that sequence of events would, should Ida's custody now be transferred to Astrid, result in yet another change for Ida. We are not child psychologists, but it requires no particular expertise to realize that such a constant shifting of custody and surroundings is not in Ida's best interests. We thus conclude that we should grant a stay pending appeal.

Astrid has, in her opposition to the stay pending appeal, pointed out that if we grant the stay, there is no order other than the order of the Superior Court of the District of Columbia in effect and that order specifies that during this period of time, i. e., the school year, Astrid is to have custody of Ida. We believe that may be the legal posture of this matter if we grant the stay without further directions. However, because of the reasons set forth above concerning the constant shifting of Ida from one set of surroundings to another, we order that Ida remain in Alan's custody pend-

ing the outcome of the appeal of the order of the Federal District Court and pending the decision of the appeal to this court. We further order that this court be kept informed by counsel as to the status of the appeal of the order of the Federal District Court; that Alan pursue his appeal to this court promptly and without delay; that pending the determination of that appeal the visitation rights granted to Astrid by the Morton County district court prior to the entry of its final order be maintained.

Finally, Astrid has requested that we require Alan to post a security bond in the sum of $20,000 to cover her living expenses and attorney fees should Alan not be successful on his appeal. She has argued that a stay is harmful to her because she lives in Norway and remains in the United States at great expense awaiting the return of Ida and that her only alternative would be to return to Norway at still greater expense for travel. This argument may be inconsistent with her contention that even if we do not grant the stay she would not leave the United States in violation of the Federal District Court order but rather would take Ida with her to Washington, D. C., to await the outcome of her appeal to the Eighth Circuit Court of Appeals. If that is the case, then her remaining in the United States is not due entirely to Alan's application to this court for a stay pending appeal, but rather is due, at least in part, to her appeal of the order of the Federal District Court without obtaining a stay thereof. It should not be a great deal more costly for Astrid to remain in Bismarck than for her to live in Washington, D. C., pending the outcome of the Federal appeal. The posting of a bond or security with the trial court would not make funds available during the pendency of this action.

The application for stay pending appeal is granted conditioned upon diligent prosecution of the appeal.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.